UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.

    Case No.

MAC CONTRACTORS OF FLORIDA, LLC
d/b/a KJIMS CONSTRUCTION, PAUL S.
DOPPELT, TRUSTEE OF PAUL S. DOPPELT
REVOCABLE TRUST DATED 12/08/90, and
DEBORAH A. DOPPELT, TRUSTEE OF
DEBORAH A. DOPPELT REVOCABLE TRUST
DATED 12/08/90,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY sues Defendants MAC CONTRACTORS OF FLORIDA, LLC, d/b/a KJIMS CONSTRUCTION, PAUL S. DOPPELT, TRUSTEE OF PAUL S. DOPPELT REVOCABLE TRUST DATED 12/08/90, and DEBORAH A. DOPPELT, TRUSTEE OF DEBORAH A. DOPPELT REVOCABLE TRUST DATED 12/08/90, and alleges as follows:

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY ("SOUTHERN-OWNERS") is a foreign insurance corporation, incorporated in the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

3. Defendant MAC CONTRACTORS OF FLORIDA, LLC d/b/a KJIMS CONSTRUCTION ("KJIMS") is a Florida corporation with its principal place of business in Naples, Florida.

4. Defendant PAUL S. DOPPELT, TRUSTEE OF PAUL S. DOPPELT REVOCABLE TRUST DATED 12/08/9, is an adult individual residing in Collier County, Florida and is a citizen of the state of Florida.

5. Defendant DEBORAH A. DOPPELT, TRUSTEE OF DEBORAH A. DOPPELT REVOCABLE TRUST DATED 12/08/90, is an adult individual residing in Collier County, Florida and is a citizen of the state of Florida.

6. The PAUL S. DOPPELT REVOCABLE TRUST DATED 12/08/90 and DEBORAH A. DOPPELT REVOCABLE TRUST DATED 12/08/90 own the real property located in Collier County, Florida which is at issue in the subject underlying litigation.

7. Defendant PAUL S. DOPPELT, TRUSTEE OF PAUL S. DOPPELT REVOCABLE TRUST DATED 12/08/90, and Defendant DEBORAH A. DOPPELT, TRUSTEE OF DEBORAH A. DOPPELT REVOCABLE TRUST DATED 12/08/90, are collectively (and in their capacity as trustees of the respective trusts) referred to hereinafter as the "DOPPELTS".

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the defendants reside in this judicial district and are Florida residents, the underlying litigation addressed herein was brought in Collier County, Florida and all matters concerning the causes of action alleged in such litigation arose in this judicial district, and the subject property is located in Collier County, Florida.

10. All conditions precedent to this action have been performed by SOUTHERN-OWNERS or have otherwise occurred, been waived, discharged, or legally excused.

11. At all times material hereto, SOUTHERN-OWNERS insured KJIMS under Commercial General Liability policies, policy number 094612-20723985 (collectively the "CGL Policies"), including with effective dates of October 8, 2014 to October 8, 2015 and October 8, 2015 through October 8, 2016, copies of which are attached hereto and made a part hereof as Composite Exhibit "A".

12. In addition, SOUTHERN-OWNERS also insured KJIMS under Commercial Umbrella policies, policy number 48-172-892-00 (collectively the "Umbrella Policies"), including with effective dates of October 8, 2014 to October 8, 2015 and October 8, 2015 through October 8, 2016, copies of which are attached hereto and made a part hereof as Composite Exhibit "B".

13. On or about December 19, 2014 KJIMS and the DOPPELTS entered into a Cost-Plus Contract for the construction of a residence at 585 Goldcoast Court, Marco Island, Florida (the "Subject Property").

14. Due to mutual disputes, KJIMS did not obtain substantial completion of the Subject Property and either abandoned construction of the Subject Property or was terminated from further performance by the DOPPELTS.

15. The DOPPELTS then filed a lawsuit against KJIMS, case number 16-CA-1530 in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "Underlying Litigation").

16. Based upon information and belief, the current operative pleading in the Underlying Litigation is the Amended Complaint for Damages (the "Amended Complaint"), a copy of which, along with the subsequently filed exhibit thereto, is attached hereto and made a part hereof as Exhibit "C".

17. In the Amended Complaint the DOPPELTS allege, among other things, that they "sustained damages in having to repair and remediate all defective work performed by KJIMS" and "also incurred damages in having to complete the scope of work under the contract in amounts over and above the anticipated contract amount". See paragraphs 59 and 60, respectively, of the Amended Complaint

18. The Insuring Agreement of the CGL Policies provides, in pertinent part, that SOUTHERN-OWNERS "will pay those sums that the insured becomes legally obligated to pay as damages because of… "property damage" to which this insurance applies".  The CGL Policies also include the following definitions:

> **14.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> **18.** "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purpose of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.
>
> **21.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged.  "Suit" includes:

      **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

      **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**27.**    "Your work":

      **a.**    Means:

          **(1)**    Work or operations performed by you or on your behalf: and

          **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

      **b.**    Includes:

          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

          **(2)**    The providing of or failure to provide warnings or instructions.

The CGL Policies also include the following exclusions:

      **b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

          **(1)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

          **(2)**    That the insured would have in the absence of the contract or agreement.

      **l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

19. None of the allegations in the Amended Complaint indicate that there was damage to anything other than the Subject Property (*i.e.* there are no allegations of resulting damage/damage to other property). As result, neither an "occurrence" nor otherwise covered "property damage" is set forth in the Amended Complaint and the Underlying Litigation does not constitute a "suit".

20. Furthermore, given the allegations of the Amended Complaint, it is clear that the Subject Property in its entirety meets the definition of "your work" and is therefore excluded from coverage. See Exclusion l. Damage to Your Work

21. In addition, to the extent that the DOPPELTS in the Amended Complaint advance a multitude of other alleged failures by KJIMS with respect to performance of its work, as well as purely economic injury, Exclusion b. Contractual Liability is applicable.

22. Without waiving any other relevant terms and conditions of the CGL Policies, SOUTHERN-OWNERS advances the above-referenced Insuring Agreement, policy definitions, and exclusions as precluding any duty to defend or indemnify KJIMS in connection with the Underlying Litigation.

23. In connection with the Underlying Litigation, SOUTHERN-OWNERS temporarily provided a defense to KJIMS. However, as a matter of law, providing such a defense does not estop SOUTHERN-OWNERS from raising coverage issues, including applicable exclusions. See, *e.g.*, *Aetna Casualty and Surety Company of America v. Deluxe Systems, Inc. of Florida,* 711 So.2d 1293 (Fla. 4th DCA 1998)

24. As to the Umbrella Policies, said policies cannot currently be triggered as a matter of law as the Umbrella Policies are excess in nature and otherwise provide no additional coverage to KJIMS in connection with the Underlying Litigation. Furthermore, without waiving any other relevant terms and conditions of the Umbrella Policies, the Umbrella Polices contain substantially similar definitions and exclusions as set forth herein for the CGL Policies.

25. Defendants contend that SOUTHERN-OWNERS' obligations pursuant to the CGL Policies and/or Umbrella Policies encompass the claims in the Underlying Litigation, including both as to defense and indemnity.

26. SOUTHERN-OWNERS, on the other hand, contends that there is no duty to defend or indemnify KJIMS in connection with the Underlying Litigation.

27. As such, a genuine dispute exists between the parties as to whether SOUTHERN-OWNERS provides coverage and a present controversy therefore exists between the parties as to this issue. Because of the present controversy, SOUTHERN-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or

complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

28. As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present, ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, SOUTHERN-OWNERS respectfully seeks this Court's declaratory judgment as to its rights, duties, and obligations under the CGL Policies and the Umbrella Policies.

**WHEREFORE**, SOUTHERN-OWNERS respectfully requests that this Honorable Court declare that there is no coverage for defense or indemnity, in whole or in part, for the Underlying Litigation pursuant to any policy issued by SOUTHERN-OWNERS to KJIMS. SOUTHERN-OWNERS further requests costs of this action and such other and further relief deemed appropriate by this Court.

Dated this 3rd day of November, 2017.

                VALENTI CAMPBELL TROHN
                 TAMAYO & ARANDA, P.A.

                  /s/ Henry B. Campbell
               _____
               HENRY B. CAMPBELL
               Florida Bar No. 434515
               H.Campbell@vctta.com
               B.Chambers@vctta.com
               J.Bintliff@vctta.com
               P.O. Box 2369
               Lakeland, FL 33806-2369
               (863) 686-0043
               (863) 616-1445 (fax)
               Attorneys for SOUTHERN-OWNERS