UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.    Case No: 2:18-cv-21-FtM-99CM

MAC CONTRACTORS OF FLORIDA, LLC, PAUL S. DOPPELT, Trustee of Paul S. Doppelt Revocable Trust dated 12/08/90, and DEBORAH A. DOPPELT, Trustee of Deborah A. Doppelt Revocable Trust dated 12/08/90,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Defendant MAC Contractors of Florida, LLC's Motion to Dismiss the Duty to Indemnify Issue, or Alternatively, Stay (Doc. #32) filed on January 31, 2018. Southern-Owners Insurance Company filed a Response in Partial Opposition (Doc. #36) on February 14, 2018. For the reasons set forth below, the Motion is granted as to the request for a stay, but dismissal is denied.

**I.**

In this insurance coverage dispute, plaintiff-insurer Southern-Owners Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify defendant-insured MAC Contractors of Florida, LLC (d/b/a KJIMS Construction) for claims

asserted in a currently pending state-court lawsuit brought by Paul and Deborah Doppelt, styled <u>Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction</u>, No. 2016-CA-1530 (the "<u>Doppelt</u> action"). In particular, Southern-Owners seeks a declaratory judgment that certain property exclusions apply and thus, Southern-Owners has no duty to defend or indemnify MAC for the claims Doppelts asserted against it. (Doc. #21.)

In support of dismissal of the indemnity issue only, MAC argues that because there has been no adjudication of liability against MAC in the <u>Doppelt</u> action, all claims by Southern-Owners as to the issue of the duty to indemnify should either be dismissed or stayed until the state court allocates liability. Until that time, MAC argues, no actual controversy exists in which the Court can declare the parties' rights. Alternatively, MAC argues that if there is an actual controversy, the Court should exercise its discretion to abstain from considering the indemnity issue. Southern-Owners opposes dismissal, but agrees that the issue should be stayed until this Court determines there is no duty to defend (and consequently no duty to indemnify) or the <u>Doppelt</u> action is concluded.

## II.

At issue in this matter are claims arising out of the construction of a single-family residential property in Marco Island, Florida, for which MAC was the general contractor. As the

work was being completed, the Doppelts allegedly discovered construction defects and deficiencies, and filed the Doppelt action in the Circuit Court of Collier County, Florida, alleging breach of contract.  The Doppelts are currently proceeding in state court on an amended complaint filed on November 17, 2016, seeking to recover damages from MAC, among others.  (Doc. #21-3.)

Pertinent here, Southern-Owners issued two contracts of insurance to MAC: (1) Policy no. 094612-20723985, effective October 8, 2014 through October 8, 2016; and (2) Policy No. 48-172-892-00, effective October 8, 2014 to October 8, 2016 (collectively, the Policies).  (Docs. #21-1 – 21-2.)  On September 7, 2016, MAC tendered the underlying action to Southern-Owners, seeking defense and indemnity.  Southern-Owners initially accepted the demand for defense and indemnity, but withdrew the acceptance on May 7, 2017.

## III.

The Declaratory Judgment Act grants federal courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  Under the Declaratory Judgment Act, this Court has discretion to rule on an actual controversy but is "under no compulsion to exercise ... jurisdiction."  Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942).  The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants,"

as the Act "confers a discretion on the courts rather than an absolute right on the litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). In cases seeking a declaratory judgment, a district court may exercise its discretion to stay proceedings "in the face of parallel litigation in the state courts." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005). "The party moving for a stay bears the burden of demonstrating that it is appropriate." Harris Corp. v. Rembrandt Technologies, LP, No. 07-CV-796, 2007 WL 2757372, at *1 (M.D. Fla. Sept. 20, 2007). In considering whether a stay is warranted, courts in this district have considered a number of factors, including: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." Shire Dev. LLC v. Mylan Pharm. Inc., No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014) (citing Lifewatch Servs., Inc. v. Medicomp, Inc., No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010)).

Here, MAC asserts that if both cases proceed simultaneously it may be forced to take inconsistent positions, compromising its

defense in the state court case.  Plaintiff agrees that the indemnity issue should be stayed and proceed on the duty to defend issue only.

Under Florida law, "[i]t is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.  The duty to defend must be determined from the allegations in the complaint."  <u>Jones v. Florida Ins. Guar. Ass'n, Inc.</u>, 908 So. 2d 435, 442–43 (Fla. 2005) (citations omitted).  This duty to defend exists "even if the allegations in the complaint are factually incorrect or meritless."  <u>Id.</u> at 443. "[T]he duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement."  <u>Northland Cas. Co. v. HBE Corp.</u>, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). "If it is determined that [an insurer] has no duty to defend its insured, then there would be no corresponding duty to indemnify." <u>Northern Assur. Co. of Am. V. Custom Docks by Seamaster, Inc.</u>, No. 8:10-cv-1869-T-27MAP, 2011 WL 117046, *2 (M.D. Fla. 2011) (citing <u>WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.</u>, 16 So. 3d 904, 907 (Fla. 2d DCA 2009)).

Because the Court's determination of the duty to defend is ripe and can be disposed of by this Court on cross-motions for summary judgment, and the parties are otherwise in agreement that a stay would not result in prejudice to any party, the Court will

grant the stay. This case will proceed on the remaining claim concerning plaintiff's duty to defend, as well as the duty to defend raised in the counterclaim (Doc. #31).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant MAC Contractors of Florida, LLC's Motion to Dismiss the Duty to Indemnify Issue, or Alternatively, Stay (Doc. #32) is **GRANTED IN PART AND DENIED IN PART** to the extent that plaintiff's request for a declaration of its indemnity obligations in the underlying state court proceedings are **stayed**; the Motion is otherwise denied.

2. All proceedings relating solely to the question of whether Plaintiff Southern-Owners Insurance Company has a duty to indemnify MAC Contractors of Florida, LLC, are **STAYED** pending further Order of the Court.

3. Plaintiff shall immediately inform the Court if the underlying proceeding resolves the indemnity issue.

**DONE and ORDERED** at Fort Myers, Florida, this ___5th___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record