UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.    Case No: 2:18-cv-21-FtM-99CM

MAC CONTRACTORS OF FLORIDA, LLC (d/b/a KJIMS Construction), PAUL S. DOPPELT, Trustee of Paul S. Doppelt Revocable Trust dated 12/08/90, and DEBORAH A. DOPPELT, Trustee of Deborah A. Doppelt Revocable Trust dated 12/08/90,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the parties' Cross Motions for Summary Judgment (Docs. #42, 51). The parties filed responses in opposition to each other's motion (Docs. ##44, 53), and a reply (Doc. #47) and a surreply (Doc. #50). Both parties seek judgment as to defendant's duty to defend pursuant to two almost identical insurance policies. Both parties agree that there are no disputed issues of material fact which preclude summary judgment for one of them, although they dispute who should prevail. For the reasons set forth below, the Court grants summary judgment in favor of plaintiff.

**I.**

In this insurance coverage dispute, plaintiff-insurer Southern-Owners Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify defendant-insured MAC Contractors of Florida, LLC (d/b/a KJIMS Construction) for claims asserted in a currently pending state-court lawsuit brought by Paul and Deborah Doppelt, styled Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction, No. 2016-CA-1530 (the "Doppelt Action"). In particular, Southern-Owners seeks a declaratory judgment that certain policy exclusions apply and thus, Southern-Owners has no duty to defend or indemnify MAC for the claims Doppelts asserts against it. (Doc. #21.) MAC (d/b/a KJIMS Construction) filed a counterclaim seeking a declaration that Southern-Owners was obligated to defend and indemnify MAC. (Doc. #31.)

The Court previously stayed the indemnity issue pending the Court's determination of the duty to defend issue or the Doppelt Action's conclusion, reasoning that if Southern-Owners had no duty to defend MAC, it follows that Southern-Owners has no duty to indemnify. (Doc. #39); see Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co., 657 F.3d 1135, 1146, n.2 (11th Cir. 2011) (collecting Florida cases) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.").

**II.**

A court may grant summary judgment only if satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it goes to "a legal element of the claim under the applicable substantive law" and thus may impact the case's outcome. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004).

"The burden of establishing that there is no genuine issue of material fact lies with the moving party." Walker v. Darby, 911 F.2d 1573, 1576 (11th Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial," the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial. A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Id. at 1576–77. In ruling on the motion, the court must view all evidence and draw all reasonable inferences in

favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).

Summary judgment should be denied not just where the parties disagree on issues of material fact, but also "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts."  Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983); see also Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007) ("If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment.").  Put simply, if the resolution of a material fact or the inference to be drawn therefrom presents a "he said, she said" scenario, and if the record has evidence genuinely supporting both sides of the story, then summary judgment is not appropriate.

### III.

**A. Substantive Legal Principles**

**1. Duty to Defend**

In this diversity action, the Court must apply the "substantive law of the forum state." Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). In this case, Florida law applies.  The duty to defend is distinct from, and broader than, the duty to indemnify.  Keen v. LA.

Sheriff's Self-Ins., 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007). Under Florida law, "[i]t is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. The duty to defend must be determined from the allegations in the complaint." Jones v. Florida Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442–43 (Fla. 2005) (citations omitted). This duty to defend exists "even if the allegations in the complaint are factually incorrect or meritless." Id. at 443. "If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." Category 5 Mgmt. Grp. LLC v. Companion Prop. & Cas. Ins. Co., 76 So. 3d 20, 23 (Fla. 1st DCA 2011). See also Marr Inv., Inc. v. Greco, 621 So. 2d 447, 449 (Fla. 4th DCA 1993) ("[T]he burden of demonstrating that the allegations of the complaint are cast solely and entirely within [a] policy exclusion" rests with the insurer.). Any doubt as to the duty to defend is resolved in favor of the insured. Id. Therefore, the Court looks to the complaint filed in the Doppelt Action and assumes all facts are accurate. See Jones, 908 So. 2d at 443.

### 2. Exclusions

Although courts should narrowly construe exclusions to an insurance policy, "exclusions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary

to public policy." C.R. Bard, Inc. v. Liberty Mut. Ins. Co., 473 F. App'x 128, 132 (11th Cir. 2012). An insurer has no duty to defend if the allegations in the underlying complaint show the applicability of a policy exclusion. Essex Ins. Co. v. Big Top of Tampa, Inc., 53 So. 3d 1220, 1223–24 (Fla. 2d DCA 2011); State Farm Fire and Cas. Co. v. Tippett, 864 So. 2d 31, 35 (Fla. 4th DCA 2003). "Because they tend to limit or avoid liability, exclusionary clauses are construed more strictly than coverage clauses." Category 5 Mgmt. Grp., 76 So. 3d at 23. The insurer "has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." Northland Casualty Co. v. HBC Corp., 160 F. Supp. 2d 1348, 1359 (M.D. Fla. 2001).

**B. Pertinent Allegations of the Doppelt Action**

In 2014, MAC contracted with the Doppelts to serve as the general contractor in the construction of a residence in Marco Island, Florida. (Doc. #21-3, ¶¶ 13-16; Exh. A.) Due to a dispute between the parties, the Doppelts allege that MAC left the job site prior to completing the residence in breach of the parties' contract and prior to the issuance of a certificate of occupancy.[1] Because the residence remained replete with construction defects,

---

[1] The Doppelts still do not live in the residence due to MAC's breach.

the Doppelts served MAC with a Notice of Defect pursuant to Fla. Stat. § 558.01, et. seq., identifying eighty-six distinct defects that were caused by MAC and/or its subcontractors that MAC failed to correct. (Doc. #21-3, ¶¶ 38-39, 43-44; Doc. #31-5, Exh. B.) MAC claimed that the list of defects were simply "punch-list items." (Id., ¶ 56.) MAC failed to cure the defects. The Doppelts allege that this was an anticipatory repudiation and total breach of the contract. (Id., ¶ 42.)

On August 24, 2016, the Doppelts filed suit in state court against MAC for breach of contract, alleging construction defects. Specifically, in the Verified First-Filed Complaint (Doc. #31-5), the Doppelts alleged, among other things, "damage to wood floors and the metal roof." (Id., ¶ 54.) Additionally, the First-Filed Complaint incorporated as an exhibit the Section 558 Notice that listed eighty-six defects. (Id., ¶ 45.)

On November 17, 2016, the Doppelts filed an Unverified Amended Complaint (Doc. #21-3), alleging nearly the same allegations as the First-Filed Complaint, but stating for the first time that MAC "abandoned" the project:

> Contractor refused to complete the contract, abandoned the project, ordered his subcontractors to also abandon the project and to refuse to work with the Owners in completing the Residence, thus leading the [sic] of this action.

(Doc. #21-3, ¶ 56.)

**C. The Policies and MAC's Claim**

Pertinent here, Southern-Owners issued two Commercial General Liability (CGL) policies to MAC effective October 8, 2014 through October 8, 2015, and effective October 8, 2015 to October 8, 2016, bearing Policy No. 20723985 (collectively, the Policies).[2] (Docs. #21-1 – 21-2.)

MAC tendered the Doppelt Action to Southern-Owners, seeking defense and indemnity.[3] (Doc. #42-1, ¶ 5.) Southern-Owners initially accepted the demand for defense and indemnity, but notified MAC on April 10, 2017, that it would be withdrawing its defense, and withdrew the defense on May 7, 2017. (Id., ¶¶ 7-8, Exh. 2.)

Southern-Owners then filed this lawsuit on November 3, 2017, seeking a determination as to its duties to defend and indemnify MAC in the Doppelt Action. Southern-Owners' Amended Complaint (Doc. #21) alleges that there is no duty to defend MAC pursuant to the Policies because there is no "property damage" or "occurrence"

---

[2] The Policies are identical in all material ways for purposes of summary judgment.

[3] The exact date that MAC tendered the Doppelt Action to Southern-Owners is unclear. Although MAC states in its Motion that it made a claim on September 7, 2016, the citation to the affidavit of MAC's owner Jon MacDonough does not support this assertion. The MacDonough affidavit only states that "[u]pon being served with the Summons and Complaint, MAC Contractors of Florida LLC d/b/a KJIMS Construction timely tendered the lawsuit to its insurer, Southern-Owners Insurance Company." (Doc. #42-1, ¶ 5.)

as defined by the Policies, and the Doppelt Action does not constitute a "suit" within the meaning of the Policies. (Doc. #21, p. 3.)

MAC argues that in comparing the Insuring Agreement of the Policies with the allegations in the Doppelt Action, Southern-Owners owes MAC a defense in the Doppelt Action. MAC also argues that none of the Policies' exclusions are triggered. Southern-Owners does not dispute or discuss whether the Doppelt Action triggers coverage under the policies, but relies upon **Exclusion l. Damage to Your Work**, and related definitions, to preclude coverage. (Doc. #44, ¶ 15.) As noted by the Eleventh Circuit, the Florida Supreme Court has not held that courts cannot assume *arguendo* that a claim is covered and proceed to analyze potentially relevant exclusions. Travelers Property Casualty Co. of Am. V. Salt 'N Blue LLC, et al., --- F. App'x ---, 2018 WL 2095483, *3 (11th Cir. May 7, 2018).

**IV.**

**D. The Southern-Owners Insurance Policies Language**

The Policies provide that Southern-Owners had the following duty to defend:

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right

>>  and duty to defend the insured against any "suit" seeking those damages.
>
>   b. This insurance applies to "bodily injury" and "property damage" only if:
>
>>  (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"
>>
>>  (2) The "bodily injury" or "property damage" occurs during the policy period
>
>                . . .

(Doc. #31-1, p. 33, CGL Coverage Form, ¶ 1.) **"Occurrence"** is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id., Definitions, ¶ 14.) **"Suit"** is defined as:

> a civil proceeding in which damages because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies are alleged. 'Suit' includes:
>
>   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>
>   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

(Id., ¶ 21.)

Even with a claim that triggers coverage under Insuring Agreement paragraph 1, Southern-Owners need not provide coverage if the claim falls within one of its exclusion provisions. Southern-Owners relies primarily on **Exclusion l. Damage to Your**

**Work**, and the accompanying definitions of "products-completed operations hazard", "property damage", and "your work", to preclude a duty to defend in the Doppelt Action. These provisions state as follows:

> **Exclusion l. Damage to Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

(Doc. #31-1, p. 37.) "**Property damage**" is defined as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

(Id., Definitions, ¶ 18.) **"Your Work"** is defined as:

> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts or equipment furnished in connection with such work or operations.

(Id., Definitions, ¶ 27.) **"Products-completed operations hazard"** is defined as:

> a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> (1) Products that are still in your physical possession; or

> (2) Work that has not yet been completed *or* abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>> (a) When all the work called for in your contract has been completed.
>>
>> (b) When all of the work to be done at the job site has been completed if your contract call for work at more than one job site.
>>
>> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Id., Definitions, ¶ 17 (emphasis added)). Thus, the issue presented is whether Doppelt's allegations contained in the underlying suit fit within Exclusion l.

Southern-Owners argues that the underlying Amended Complaint clearly alleges that MAC "abandoned the project," which the Court must accept as true in determining the duty to defend, and the term must be given its plain and unambiguous meaning. See Jones, 908 So. 2d at 443. Thus, Southern-Owners argues that the definition of the "products-completed operations hazard", is met. MAC responds that while the parties do not dispute that the work had not yet been completed when MAC ceased working (Doc. #47, p. 2), it argues that the assertion that MAC abandoned the project is only alleged in a conclusory fashion with no support. MAC also argues that the "products-completed operations hazard" provision

is ambiguous because it is not clear whether the word "not" modifies the term "abandoned" or "completed." An ambiguity exists when there is more than one reasonable interpretation of policy language — one affording coverage and one excluding coverage. Lenhart v. Federated National Insurance Co., 950 So. 2d 454, 457 (Fla. 4th DCA 2007).

Here, the Court finds that Exclusion l applies and the provision is unambiguous; therefore, the Court need not resort to the rules of construction proposed by MAC. MAC has not shown that the placement of the word "or" in the "products-completed operations hazard" opens the exclusion up to more than one reasonable interpretation. The exclusion clearly applies to "your work" that was either abandoned or not completed. The Policies' exclusionary language contemplates no coverage for work that has yet to be completed, and the Doppelts allege that MAC failed to complete the work as contemplated by the parties' contract and MAC itself concedes that the parties "do not dispute the fact that the work had not yet been completed." (Doc. #47, p. 2.)

Thus, the Court finds that the exclusion clause unambiguously denies coverage for property damage in the event that the insured abandons or does not complete its work, which is what is alleged to have occurred in this case. Because Southern-Owners has no duty to defend MAC in the Doppelt Action, the Court

likewise concludes that it has no duty to indemnify MAC and judgment may be entered in Southern-Owners' favor.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant MAC Contractors of Florida LLC's Motion for Partial Summary Judgment as to the Duty to Defend (Doc. #42) is **DENIED.** Southern-Owners Insurance Company's Motion for Summary Judgment (Doc. #51) is **GRANTED.**

2. It is hereby declared that Southern-Owners Insurance Company does not owe a duty to defend MAC Contractors of Florida, LLC (d/b/a KJIMS Construction) in the matter of <u>Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction</u>, No. 2016-CA-1530.

3. Judgment is entered in favor of Southern-Owners Insurance Company and against MAC Contractors of Florida, LLC d/b/a KJIMS Construction.

4. The Clerk is directed to terminate all pending deadlines and motions, enter judgment accordingly, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record