UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.  Case No: 2:18-cv-21-FtM-29CM

MAC CONTRACTORS OF FLORIDA, LLC, PAUL S. DOPPELT, Trustee of Paul S. Doppelt Revocable Trust dated 12/08/90, and DEBORAH A. DOPPELT, Trustee of Deborah A. Doppelt Revocable Trust dated 12/08/90,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration or to Alter or Amend the Judgment (Doc. #64) filed on July 5, 2018. Defendants have not filed a response after provided the opportunity to do so (Doc. #67) and the time to do so has expired. For the reasons set forth below, the Motion is denied.

**I.**

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

"The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). In this case, plaintiff argues that the third ground warrants reconsideration – the need to correct clear error or prevent manifest injustice. (Doc. #64, ¶ 9.)

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at

a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

**II.**

In this diversity case brought pursuant to the Federal Declaratory Judgment Act, 18 U.S.C. §§ 2201-02, plaintiff-insurer filed an Amended Complaint (Doc. #21), seeking a declaration that it has no duty to defend or indemnify defendant-insured MAC Contractors of Florida, LLC (d/b/a KJIMS Construction) for claims asserted in a currently pending state-court lawsuit brought by Paul and Deborah Doppelt, styled Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction, No. 2016-CA-1530 (the "Doppelt Action"). The Doppelt Action was filed against MAC for breach of contract, alleging construction defects. Southern-Owners sought a declaratory judgment that certain policy exclusions apply and thus, Southern-Owners has no duty to defend or indemnify MAC for the claims Doppelts asserts against it. (Doc. #21.) MAC (d/b/a KJIMS Construction) filed a counterclaim seeking a declaration that Southern-Owners was obligated to defend and indemnify MAC. (Doc. #31.) The Dopplets were named as parties

in this case and filed an Answer and Affirmative Defenses (Doc. #37) but did not participate in the summary judgment briefing. It is undisputed that MAC is the only named insured in the two Commercial General Liability (CGL) policies at issue in this case. (Docs. ##21-1 – 21-2.)

Southern-Owners and MAC filed cross-motions for summary judgment (Docs. ##42, 51), seeking judgment as to defendant's duty to defend pursuant to the CGL Policies. On June 21, 2018, the Court granted summary judgment in favor of Southern-Owners, finding that it did not have a duty to defend or indemnify MAC in the Dopplet Action due to certain policy exclusions. (Doc. #54.) Thereafter, judgment was entered "in favor of Southern-Owners Insurance Company and against MAC Contractors of Florida, LLC d/b/a KJIMS Construction", and the case was closed. (Doc. # 56.) MAC has appealed the Court's decision to the Eleventh Circuit. (Doc. #65.)

**III.**

Southern-Owners now moves for reconsideration or to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, stating that the judgment should not only have been entered against MAC, but also against the Doppelts. In support, plaintiff states that the Doppelts are required parties pursuant to Fed. R. Civ. P. 19 and if they are not included in the judgment they would not be bound by this Court's determination that plaintiff has no duty to defend

nor indemnify MAC in the Doppelt Action. Southern-Owners believes that if it does not obtain a judgment against the Doppelts in this case, the Doppelts may pursue the insurance company for benefits under MAC's insurance policy stemming from the underlying state court action.

The sole case cited by plaintiff in support is Amerisure Ins. Co. v. R.L. Lantana Boat Yard, LTD., 2010 WL 4628231 (S.D. Fla. Nov. 8, 2010). In Amerisure, the plaintiff-insurer sought declaratory relief that it did not have a duty to indemnify the defendant developers in an underlying suit brought against them. Id. at *1. The plaintiff in the underlying action was the condominium (the Moorings) suing the developer/contrator (R.L. Lantana Boatyard, Ltd.) for construction defects. Id. The court explained that since Amerisure's declaratory action could potentially eliminate its duty to the plaintiff condominium in the underlying lawsuit, the condominium was a necessary party. Id. at *2. The court found that the legal effect of the court's declaratory judgment would be undermined if the Moorings condominium could later sue Amerisure for damages under the terms of the insurance policy. Id. In so finding, the court cited Fla. Stat. § 627.4136. The Court does not find Amerisure to be directly on point because the Doppelts are already parties to this action.

A more relevant case would examine whether Southern-Owners' argument rings true; that is, whether the Doppelts may pursue Southern-Owners for benefits under the CGL Policies issued to MAC if they prevail in the Doppelt Action. The Eleventh Circuit has addressed the issue of whether third parties have standing to sue under liability insurance policies in Florida. See Morales v. Zenith Ins. Co., 714 F.3d 1220 (11th Cir. 2013). In Morales, the court noted that in response to Florida Supreme Court cases, the Florida Legislature enacted a statute "which limited the circumstances under which an injured third party could sue an insurer as a third-party beneficiary to a liability policy." Id. at 1232. Florida's nonjoinder statute specifically states:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1). However, "ultimately, an insurer's liability depends on whether the insured's claim is within the coverage of the policy." Morales, 714 F.3d at 1227.

In a second Morales opinion by the Eleventh Circuit following the Florida Supreme Court's resolution of certified issues, the court found that although a non-party to an insurance contract may have standing to bring a claim for recovery against an insured after obtaining a settlement or verdict against a person who is an

insured, certain exclusions to the policy prevented it from collecting any judgment from the insurer. Morales v. Zenith Ins. Co., 776 F.3d 1285, 1287-88 (11th Cir. 2015) ("Morales II"). This is analogous and provides guidance to the Court in this case.

Here, although the Doppelts are not insured under the CGL Policies issued to MAC, they may have standing to pursue any judgment it might obtain from Southern-Owners. However, the Court has determined – based upon a review of the allegations in the underlying Amended Complaint - that certain exclusions in the CGL Policies unambiguously deny coverage for the Doppelt Action. (Doc. #54, p. 13.) Because any judgment the Doppelts may obtain in the Doppelt Action arises from an injury that falls within the CGL Policies' exclusions, Southern-Owners would have no obligation under the Policies to pay the judgment. See Morales II, 776 F.3d at 1288.

Therefore, the Court finds that Southern-Owners has not established the extraordinary circumstances supporting reconsideration and it is unnecessary to alter or amend the judgment to include the Doppelts to prevent manifest injustice or correct clear error.[1]

---

[1] Furthermore, Southern-Owners' Motion for Summary Judgment (Docs. #51) did not request that the Court determine that it had no duty to defend or indemnify the Doppelts. A motion for reconsideration does not provide an opportunity to make an argument for the first time.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration or to Alter or Amend Judgment (Doc. #64) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of August, 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record