UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS      INSURANCE
COMPANY,

        Plaintiff,

v.                                Case No:  2:18-cv-21-FtM-99MRM

MAC CONTRACTORS OF FLORIDA,
LLC         d/b/a         KJIMS
Construction,     PAUL     S.
DOPPELT, Trustee of Paul S.
Doppelt    Revocable    Trust
dated 12/08/90, and DEBORAH
A.   DOPPELT,   Trustee   of
Deborah A. Doppelt Revocable
Trust dated 12/08/90,

        Defendants.

_____

## ORDER

This  insurance-coverage  dispute  comes  before  the  Court  on
remand  from  the  Eleventh  Circuit  vacating  the  Judgment  entered  by
this  Court  in  favor  of  plaintiff  Southern-Owners  Insurance
Company's claim for declaratory judgment and against defendant MAC
Contractors  of  Florida,  LLC  on  their  counterclaim.  (Docs.  ##54,
56.)  See Southern-Owners Ins. Co. v. MAC Contractors of Florida
LLC et al., 768 F. App'x 970 (11th Cir. 2019).  The Eleventh
Circuit noted that the district court did not resolve the issue of
coverage,  and  that  plaintiff's  arguments  regarding  two  other
exclusions barring coverage were never raised or addressed in the

district court.  Therefore, this Court vacated the judgment on May 14, 2019, and the case was reopened.  (Doc. #74.)

After the case was reopened, Southern-Owners moved for leave to amend (under opposition) and was granted leave to file a Second Amended Complaint.  (Docs. ## 83, 84.)  Although MAC Contractors had initially filed a counterclaim to the Amended Complaint (Doc. #31), it did not include a counterclaim in its Answer and Affirmative Defenses to the Second Amended Complaint (Doc. #87).  Even so, MAC Contractors now moves for summary judgment (Doc. #89) on its *initial* counterclaim (Doc. #31).  Plaintiff has also moved for summary judgment (Doc. #90).  Both parties seek a declaratory judgment as to plaintiff's duty to defend pursuant to two almost identical commercial general liability policies against a now-settled state court lawsuit[1] brought by Paul and Deborah Doppelt as trustees of their respective trusts, styled Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction, No. 2016-CA-1530 (the "Doppelt Action").

Because there is currently no operative counterclaim before the Court, MAC Contractors' Motion for Summary Judgment (Doc. #90) is moot.  See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended

---

[1] The Doppelt Action recently settled, and an Order of Dismissal with Prejudice was entered in that case on September 5, 2019.  (Doc. #95.)

complaint supersedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions"). Additionally, MAC Contractors relies on its now-moot Motion for Summary Judgment in response to Southern-Owners' Motion for Summary Judgment (Doc. #93).

In order to place this case in the correct procedural posture, the Court will allow defendant to file an amended answer, affirmative defenses, and counterclaim to the Second Amended Complaint, after which plaintiff may reply. Once the claims are properly asserted, the parties may move for summary judgment. This will necessitate an extension of the deadlines as set forth below.

One final issue. The Court previously stayed the indemnity issue pending the Court's determination of the duty to defend issue or the Doppelt Action's conclusion, reasoning that if Southern-Owners had no duty to defend MAC, it follows that Southern-Owners has no duty to indemnify. (Doc. #39.) Because the Doppelt Action has resolved, the Court informed the parties that it was inclined to have the parties brief both the defense and indemnity issues in their summary judgment motions. (Doc. #94.) The parties responded that despite the resolution of the Doppelt Action, the

indemnity issue should remain stayed pending the Court's ruling on the duty to defend because if Southern-Owners has no duty to defend, there would be no duty to indemnify. While that may be the case, in order to avoid the filing of yet another round of summary judgment briefing in the event the Court finds there is a duty to defend, the Court lifts the stay on the indemnity issue and will require the parties to argue their positions on both defense and indemnity in their summary judgment motions. The Court will extend the page limitations to accommodate this.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Defendant's Motion for Partial Summary Judgment (Doc. #89) is **denied as moot.**

2.    Plaintiff's Motion for Summary Judgment (Doc. #90) is **denied without prejudice.**

3.    Defendant may file an amended answer, affirmative defenses, and counterclaim to the Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order. Plaintiff may file a Reply **FOURTEEN (14) DAYS** thereafter.

4.    The following deadlines shall apply for the remainder of the case:

| Dispositive motions **(limited to 35 pages)** | December 2, 2019 |
|---|---|
| Meeting in person to prepare the Final Pretrial Statement | April 2, 2020 |

| | |
|---|---|
| Joint Final Pretrial Statement | April 9, 2020 |
| All other motions including motions in limine and trial briefs | April 2, 2020 |
| Final Pretrial Conference | April 24, 2020 at 9:30 a.m. |
| Trial Term begins (Jury) | May 4, 2020 |

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record