UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS    INSURANCE
COMPANY,

      Plaintiff,

v.                                      Case No:  2:18-cv-21-FtM-99MRM

MAC CONTRACTORS OF FLORIDA,
LLC,   PAUL   S.   DOPPELT,
Trustee of Paul S. Doppelt
Revocable    Trust    dated
12/08/90,  and  DEBORAH  A.
DOPPELT, Trustee of Deborah
A. Doppelt Revocable Trust
dated 12/08/90,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to
Strike Specified Affirmative Defenses (Doc. #99) filed on October
31, 2019.  Plaintiff moves to strike Defendant MAC Contractors of
Florida,  LLC's  (MAC)  First,  Second,  and  Fourth  Affirmative
Defenses.  MAC has withdrawn its First Affirmative Defense (Doc.
#101); therefore, only the Second and Fourth Affirmative Defenses
are at issue here.  MAC filed a Response in Opposition (Doc. #102)
on November 14, 2019.  For the reasons set forth below, the Motion
is granted in part and denied in part.

## I.

In this insurance coverage dispute, plaintiff-insurer Southern-Owners Insurance Company (Southern-Owners) is currently proceeding on a Second Amended Complaint, seeking a declaratory judgment that it has no duty to defend or indemnify defendant-insured MAC Contractors of Florida, LLC (d/b/a KJIMS Construction) for claims asserted in a state-court lawsuit brought by Paul and Deborah Doppelt, styled Doppelt et al. v. MAC Contractors of Florida, LLC d/b/a KJIMS Construction, No. 2016-CA-1530. (Doc. #84.) MAC (d/b/a KJIMS Construction) filed an Amended Answer, Affirmative Defenses, and Counterclaim seeking a declaration that Southern-Owners was obligated to defend and indemnify MAC. (Doc. #97.) Plaintiff moves to strike the Second and Fourth Affirmative Defenses. (Doc. #99.)

## II.

The Federal Rules of Civil Procedure require a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting, or sua sponte. Fed. R. Civ. P. 12(f).

As this Court has recently discussed on several occasions, compliance with Rule 8(c) requires a defendant to set forth "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. PK Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-cv-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (quoting Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016)). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide a plaintiff adequate grounds to rebut or properly litigate the defense. Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).

## III.

Plaintiff argues that the Second and Fourth Affirmative Defenses only offer bare bones conclusory allegations, are patently frivolous, and invalid as a matter of law. MAC responds that the affirmative defenses have provided fair notice to Southern-Owners of its intent to rely upon ambiguity and waiver.

The **Second Affirmative Defense** states:

> As for its Second Affirmative Defense, SOUTHERN-OWNERS
> is barred from the relief sought by certain ambiguities
> in the policy drafted by SOUTHERN-OWNERS. Such

> ambiguities must be interpreted under governing law in favor of coverage.

(Doc. #97, p. 4.)

As an affirmative defense, the Second Affirmative Defense is deficient for failing to allege anything beyond a vague reference to "certain ambiguities."  But whether the insurance policy is ambiguous is an issue of contract interpretation.  This defense is, in effect, a denial because it alleges defects in plaintiff's prima facie case.  See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").  However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial."  Gonzalez v. Spears Holdings, Inc., 2009 WL 2391233 (S.D. Fla. July 31, 2009) (citing Home Mgmt. Solutions, 2007 WL 2412834 at *3)).  Therefore, the Court will treat defendant's Second Affirmative Defense as a denial and will not strike it.

The **Fourth Affirmative Defense** states:

> As for its Fourth Affirmative Defense, KJIMS states that SOUTHERN-OWNERS has, by its actions and/or omissions, waived any right to contest coverage.

(Doc. #97, p. 5.)  Plaintiff asserts that waiver is not a recognized legal basis for creating coverage which would not

otherwise exist.  However, in Florida, "[a]s a matter of law, waiver and estoppel are affirmative defenses that must be pleaded." Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc., 915 So. 2d 220 (Fla. 4th DCA 2005).  However, MAC has not adequately pled a sufficient factual basis to establish a plausible defense. Therefore, the motion to strike will be granted without prejudice to filing an amended affirmative defense.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Specified Affirmative Defenses (Doc. #99) is **GRANTED IN PART AND DENIED IN PART.**  The Motion is denied as to the Second Affirmative Defense and granted as to the Fourth Affirmative Defense without prejudice to filing an amended affirmative defense within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of December, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record