UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.     Case No: 2:18-cv-21-FtM-29MRM

MAC CONTRACTORS OF FLORIDA, LLC, PAUL S. DOPPELT, Trustee of Paul S. Doppelt Revocable Trust dated 12/08/90, and DEBORAH A. DOPPELT, Trustee of Deborah A. Doppelt Revocable Trust dated 12/08/90,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Second Motion for Costs (Doc. #113) filed on February 11, 2020. Defendant MAC Contractors of Florida, LLC (MAC Contractors) filed Objections (Doc. #114) to the motion on February 25, 2020. Plaintiff seeks $902 in taxable costs, while defendant MAC Contractors asserts only $219 may properly be taxed against it.

Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court finds that plaintiff is the prevailing party in this case, that there is no reason not to tax appropriate costs in its favor, and that plaintiff is entitled to the costs authorized under 28

U.S.C. § 1920. Plaintiff seeks to tax $902.00 in costs, consisting of $400 for the court's filing fee, $295.00 for service of summons costs, and $207.00 for printing expenses (828 pages at $.25 per page). MAC Contractors objects to parts of each component of these requested costs.

When imposing costs against multiple non-prevailing parties, "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." Anderson v. Griffin, 397 F.3d 515, 522–23 (7th Cir. 2005)(citations omitted). "Ordinarily when parties are jointly and severally liable, it means that each party is fully liable, subject to the constraint that the claimant cannot recover more than his total entitlement." Id. at 523. The district court has the discretionary authority to apportion the costs between losing parties if the losing party carries its burden of persuasion. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000), as amended (Sept. 15, 2000)(citations omitted). "It is within the Court's discretionary power to apportion taxable costs among parties." Friends of Everglades v. S. Florida Water Mgmt. Dist., 865 F. Supp. 2d 1159, 1171 (S.D. Fla. 2011) (citation omitted). The Eleventh Circuit seems to recognize the discretionary authority to apportion costs. Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 800 (11th Cir.

1988)("If equitable considerations militated against an award of costs vis-a-vis either losing party, they were due to be addressed through the district court's discretionary power to deny or apportion costs") (citations omitted).

Defendant Mac Contractors' objections to these amounts are resolved as follows:

**(1) Court Filing Fee**

MAC Contractors asserts that because there are three defendants in the case, the $400 filing fee should be split between them, resulting in a taxable cost of only $133.34 as to MAC Contractors. The Court disagrees.

The relief sought by plaintiff in this case was a declaration as to whether insurance coverage existed and whether plaintiff owed a duty to defend MAC Contractors in a suit filed by the Doppelts. The Doppelts were obviously not parties to the insurance policy between plaintiff and MAC Contractors, although they had an interest in having their claims covered by insurance. The Court's $400 filing fee is a flat fee, and not dependent on the number of defendants sued. The Court finds no reason to exercise its discretionary authority to apportion the filing fee. The Court will tax the entire filing fee of $400 against MAC Contractors.

**(2) Service of Process Costs**

The cost of service of process on MAC Contractors was $59.00. The cost for service of process on the other two defendants totaled $236.00. MAC Contractors agrees that it may be assessed the $59.00 cost of service upon it, but objects to the $236.00 incurred by plaintiff for service upon the co-defendants.

The Court agrees with MAC Contractors, and in the exercise of its discretion declines to tax the cost of service upon the other defendants in this case solely upon MAC Contractors. Plaintiff chose the number of defendants to sue, and MAC Contractors should not be individually responsible for the increased cost of service of the additional parties. Therefore, the Court will tax $59.00 for the cost of service upon MAC Contractors, but not the cost of service of process on the other defendants.

**(3) Copying Costs**

It appears that the copying costs relate to copying the items to be served upon defendants by the process server. "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Copying costs of $138.00 are attributed to copying the documents to be served on the co-defendants. Having disallowed the cost of

service of process on the co-defendants, the Court again exercises it discretion and will not tax the copying costs associated with service of process on the co-defendants.

The Court will tax the reasonable costs of copying the documents served on MAC Contractors. MAC Contractors asserts that $.25 per page copying charge is excessive, asserting a reasonable market rate for copies of between $.10 and $.15 per page. MAC Contractors relies upon an eight year old Report and Recommendation stating: "Within the Middle District, and the Eleventh Circuit generally, there is broad consensus that the reasonable market rate for copies is $.10 to $.15 cents." Perkins v. Tolen, No. 3:10-CV-851-J-37TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012), report and recommendation adopted, No. 3:10-CV-851-J-37TEM, 2012 WL 3244688 (M.D. Fla. Aug. 7, 2012). Today, if plaintiff had the Clerk of the Court copy the documents for service, it would be charged $.50 per page. The Court finds $.25 per page not to be excessive, and will tax the $69.00 attributable to MAC Contractors.

Accordingly, it is hereby

**ORDERED:**

1. The Amended Bill of Costs (Doc. #61) is **vacated**.
2. The Objections (Doc. #114) are **overruled in part and sustained in part.**

3. Plaintiff's Second Motion for Costs (Doc. #113) is **GRANTED in part and denied in part.**

4. The Clerk shall tax costs in the amount of $528.00 against MAC Contractors only by executing the corrected Second Amended Bill of Costs attached to the Order.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2020.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record