UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiff,

v.                                                     Case No.:  2:18-cv-21-JES-KCD

MAC CONTRACTORS OF
FLORIDA, LLC, PAUL S.
DOPPELT, and DEBORAH A.
DOPPELT,

    Defendants.
_____/

## **AMENDED ORDER**[1]

In this insurance case, summary judgment was entered in favor of MAC Contractors of Florida. (Doc. 155.) MAC now moves to seal unredacted invoices related to its pending motion for supplemental relief for the costs of defending itself. (Doc. 159.) For now, MAC's motion for supplemental relief contains a placeholder at Exhibit D pending a ruling on the motion to seal. (Doc. 159-5.)

MAC asserts that sealing is necessary because the detailed invoices from three law firms are in a narrative format, and contain confidential attorney-client communications, privileged work product information, and settlement communications. MAC says redaction is impractical because most of the

---

[1] This Amended Order amends the Order at Doc. 161 to correct the document number of the motion ruled upon, from Doc. 159 to Doc. 160.

information is confidential or privileged. Plaintiff has no objection to sealing Exhibit D.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* (quoted authority omitted).

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the documents confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

MAC has overcome the presumption of public access and shown good cause for filing the invoices under seal. Sealing is necessary because the

invoices are voluminous (100+ pages), the majority of which include confidential and privileged information, including detailed narratives of services rendered that reveal the attorneys' mental impressions, communications with clients, and discussions about settlement.

Accordingly, it is now **ORDERED**:

1. MAC Contractors of Florida, LLC's Unopposed Motion to Seal (Doc. 160) is **GRANTED**. The unredacted version of Exhibit D to MAC's Motion for Supplemental Relief (Doc. 159) will be filed **UNDER SEAL**.

2. MAC Contractors shall deliver to the Clerk's Office an envelope with the caption of this case and an indication that the contents are to be filed **UNDER SEAL** pursuant to this Order and include within the envelope a flash drive containing PDF files of the *unredacted* Exhibit D to MAC's Motion for Supplemental Relief (Doc. 159).

3. After the PDF files are docketed under seal, the Clerk may return the flash drive if MAC provides a postage-prepaid method to do so, or the Clerk may securely destroy the flash drive.

4. The Clerk is directed to remove and replace the placeholder filed for Exhibit D to MAC's Motion for Supplemental Relief as Document 159-5 with a single sheet reading "Exhibit D filed under seal pursuant to court order."

5. Exhibit D will remain under seal indefinitely.

6. The law firm of Boyle, Leonard & Anderson, P.A., and their representatives, located at 9111 W. College Pointe Drive, Fort Myers, Florida, 33919, (239) 337-1303, are authorized to obtain a sealed, tangle copy of Exhibit D.

**ORDERED** in Fort Myers, Florida this April 24, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4